UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK ALLEN,

        Plaintiff,

v.                                                  Case No. 09-11281
                                                  Honorable David M. Lawson
CORRECTIONAL MEDICAL SERVICES, INC.,    Magistrate Judge Mark A. Randon

        Defendant.
_____/

**ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, SUSTAINING PLAINTIFF'S OBJECTIONS IN PART,
DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OVERRULING OBJECTIONS TO CERTAIN ORDERS,
DISMISSING CERTAIN DISCOVERY MOTIONS, AND
REFERRING CASE FOR FURTHER CONSIDERATION**

This matter is before the Court on a report filed by Magistrate Judge Mark A. Randon recommending that the defendant's motion to dismiss be granted and objections to Judge Randon's orders filed by the parties in this case. The plaintiff, a prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* complaint alleging that the defendant violated the Eighth Amendment by refusing him medical treatment to address intractable pain in his dominant (left) hand that could only be corrected by surgery. The case was referred to Magistrate Judge Randon to conduct all pretrial matters under 28 U.S.C. § 636(b)(1)(B). Thereafter, the defendant, Correctional Medical Services, Inc. (CMS), filed a motion to dismiss alleging that the plaintiff failed to exhaust his administrative remedies and the complaint did not state a redressable claim under the Eighth Amendment. The plaintiff then filed multiple discovery motions and a summary judgment motion of his own. On December 14, 2009, Judge Randon filed a report recommending that this Court grant CMS's motion to dismiss because Allen failed to explicitly name CMS in his prison grievance process and thus did not properly exhaust his administrative remedies. Judge Randon

determined that the second issue was rendered moot and that all other pending motions should be terminated pursuant to the recommended dismissal. The plaintiff filed timely objections to the recommendation, to which the defendant responded and the plaintiff replied.

The Court has reviewed the matter *de novo* and now concludes that the magistrate judge's conclusion is erroneous under clear Sixth Circuit precedent, and the exhaustion requirement cannot stand as a bar to addressing the merits of the complaint. The motion to dismiss will be denied. The plaintiff's objections to the magistrate judge's interim orders on discovery will be overruled. The case will be referred once again to the magistrate judge to conduct pretrial proceedings, beginning with entry of a revised scheduling order and addressing the pending summary judgment motion. Because the plaintiff's complaint has colorable merit, the magistrate judge is directed to appoint counsel for the plaintiff under the Court's *pro bono* counsel plan. The plaintiff's various motions to compel discovery will be denied without prejudice to renewing them during the course of the discovery proceedings in the case if necessary. The defendant may renew its motion to dismiss or for summary judgment on its alternate ground at the conclusion of discovery.

I.

According to the complaint and the motion papers, Derrick Allen was an inmate at the St. Louis Correctional Facility ("STF") during the relevant time. In May 2008, Allen underwent surgery at Detroit Receiving Hospital for "extensive swelling at the palm of the left middle finger and left ring finger." Def.'s Mot. to Dismiss, Ex. D, Prisoner/Parolee Grievance Form Step I. This surgery left Allen with "significant deformity, advanced OA [osteoarthritis] or RA [rheumatoid arthritis] involving the 3rd MCP [metacarpal] joint, degenerative changes" and without "a recognizable joint remaining." *Ibid.* This defect "hinders [Allen's] mobility in [his] daily tasks,"

Compl. at 1, as he is left-handed[,] and causes him "constant pain & swelling." Def.'s Mot. to Dismiss, Ex. D, Prisoner/Parolee Grievance Form Step I.

Following surgery, Orthopedics Associates of Michigan in Grand Rapids, Michigan, saw Allen for a consultation. Doctors Kyle L. Sperling, K. Nimr Ikram, and Mark R. DaHaan recommended corrective and/or reconstructive surgery. On September 21, 2008, Allen requested this surgery, asking, "when am I scheduled for hand surgery." Pl.'s Obj., Ex. H, MDOC Request for Services – Kite Response Medical. Registered Nurse Rosalie K. Petty responded via kite: "The insurance company [CMS] did not authorize the surgery. Our doctor is resubmitting the request." *Ibid.*

On November 24, 2008, Allen filed grievance number STF 08-11-00888-12D1, challenging the denial of his surgery. MDOC Policy Directive 03.02.130 (effective July 9, 2007) allows prisoners to file grievances, and articulates the proper procedures for doing so. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of a grievable issue. Def.'s Mot. Dismiss, Ex. A, Policy Directive (PD) 03.02.130 ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. Def.'s Mot. to Dismiss, Ex. A, PD 03.02.130. The policy dictates the following directions for completing grievance forms: "The issues shall be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.

If the inmate is dissatisfied with the prison's Step-I response, he may appeal to Step II within ten business days, or if he does not receive a timely response, within ten business days after the response was due. Prison policy designates the regional health administrator as the respondent to a Step-II grievance. If the inmate is dissatisfied with the Step-II response, or does not receive a timely Step II response, he may appeal to Step III. The Step-III form must be completed within ten business days after receiving the Step-II response, or if no such response was received, within ten business days after the date it was due. The Grievance and Appeals Section is the respondent on behalf of the MDOC director for Step-III grievances. The total grievance process from the filing of a Step I grievance to the provision of a response at Step III "shall generally be completed within 120 calendar days unless an extension has been approved in writing by the Grievance Coordinator at Step I and/or Step II." *Id.* at ¶ S.

To begin the grievance process, the Step I grievance form (last updated October 1994), directs a prisoner to "**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library." Def.'s Mot. to Dismiss, Ex. D, Prisoner/Parolee Grievance Form Step I. This is all the instructions state. The form then asks, "What attempt did you make to resolve this issue prior to writing this grievance? On what date? If none, explain why." *Ibid.* For his Step I grievance, Allen wrote: "9/21, 10/08, 10/27, and 11/15 of 2008 I sent in medical requests about this issue. Procedure steps are attached to back of grievance." *Ibid.* In a separate section, the form prompts:

> State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Counselor in accordance with the time limits of OP 03.02.130.

*Ibid.* Allen's grievance is given in full beneath this prompt:

> Prisoner claims he is forced to endure pain and suffering. Prisoner Allen 162043 underwent a successful surgery, 5 of 08, at the Detroit Receiving Hospital. For extensive swelling at the palm of the left middle finger and left ring finger. A Consultation Request Report was done from RGC, Dr. Kyle L. Sperling indicating left hand is with significant deformity, advanced OA or RA involving the 3rd MCP joint, degenerative changes noted 3rd MCP without a recognizable joint remaining. A Referral to the proper channels was submitted. Patient is left handed, injury effects dominant limb, hinders mobility. Patient complaints of constant pain & swelling that occurs when attempting daily task, which afflicts undue pain, suffrage, and stress. I have enclosed a copy of each procedural step from all parties contacted. Initial; RGC, STF, DWH, and Orthopedics Associates Of Michigan, Grand Rapids, MI. To my understanding, the Doctor's and Specialist's are in favor of Corrective and/or Reconstructive Surgery. In accordance to MDOC Policy Directive 03.04.100, Paq, QQ —Corrective and Reconstructive Surgery shall be authorized for a prisoner only if the primary purpose is to restore function. Prisoner appeals to the United States Constitution Eighth Amendment: in pursuit of relief.

*Ibid.*

Registered Nurses J. Weippert and S. Teed, as respondent and reviewer, respectively, returned the Step-I Grievance Response on December 4, 2008, writing: "The grievant alleges being denied adequate medical care. . . . Grievant has been seen by the Medical Practitioner (MP) and evaluated by a specialist for advanced arthritis in his left 3rd finger. Surgical consult was submitted but the Medical Services Advisory Committee (MSAC) denied the request. Grievance denied." Def.'s Mot. to Dismiss, Ex. D, Step-I Grievance Response.

Allen appealed. Under "Reason for Appeal" in the Step-II heading of the Grievance Appeal Form (last updated December 1997), Allen wrote: "Grievance was not resolved in Step 1 and I'm still in pain, sitting here with a missing joint in my hand." Def.'s Mot. to Dismiss, Ex. D, Prisoner/Parolee Appeal Form at Step II. Prison official Julie Van Setters responded as follows:

> The grievant alleges surgery for his left middle finger, left ring finger and left hand has been denied. . . . The Step I grievance/response and Step II appeal have been reviewed. A request for surgery was submitted by the medical practitioner (MP).

> Review by the Medical Services Advisory Committee (MSAC) indicates surgery is not indicated now. The Health Unit Manager (HUM) has been asked to schedule the grievant with the MP for discussion of his pain. Grievance denied.

Def.'s Mot. to Dismiss, Ex. D, Step II Grievance Response.

Allen reappealed, stating as his "Reason for Appeal" at Step III: "Being denied adequate medical care. I'm still in constant pain!" Def.'s Mot. to Dismiss, Ex. D, Prisoner/Parolee Appeal Form at Step III. The Quality Assurance Office responded on February 5, 2009 as follows:

> Grievant alleges he is being denied necessary surgery for his hand.
>
> All information presented upon appeal to Step III has been reviewed, including all electronic medical records. Grievance has been assessed, evaluated, and treated by the Medical Practitioner. A process is in place to allow an appeal to all CMS denials, grievant currently has an appeal in place by the Medical Practitioner and is pending. Disagreement with the medical judgment of the Medical Practitioner does not support claims for denial and mistreatment by staff.
>
> Grievance denied.

Def.'s Mot. to Dismiss, Ex. D, Step III Grievance Response.

On April 7, 2009, Allen filed a complaint in this Court against CMS alleging inadequate medical care. On October 16, 2009, CMS filed a motion to dismiss under 42 U.S.C. § 1997e(a) and Federal Rule of Civil Procedure 12(b)(6), arguing that Allen failed both to properly exhaust his administrative remedies and state a claim upon which relief could be granted under the Eighth Amendment. On December 14, 2009, Magistrate Judge Randon issued a report recommending that this Court grant CMS's motion, finding that Allen did not properly exhaust the grievance procedure.

As noted above, Allen filed a timely objection stating four grounds. First, Allen contends that any procedural default defense against him is waived because his grievance was adjudicated on the merits. Second, he objects that his specific omission of CMS from his grievances is justified because MDOC officials failed to update the grievance forms to reflect the newer, exacting policy

that required him to explicitly name all parties involved in his issue. Third, Allen contends that CMS had actual or constructive knowledge of his grievance, since the prison's Step-III response admits as much. Fourth, he argues that Magistrate Judge Randon impermissibly substituted his own reasoning for that of the STF officials in reaching his conclusion to dismiss the case.

II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

Of Allen's four objections, the first one is dispositive. The Prison Litigation Reform Act of 1996 ("PLRA") provides: "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). "Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion" means "compliance with an agency's deadlines and other critical procedural rules . . . ." *Id.* at 90.

However, the Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). This affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants. *Ibid.*

Since the Supreme Court decided *Jones v. Bock*, the Sixth Circuit has stated that courts ought not impose severe technical requirements on prisoners who comply with the spirit and purpose of the administrative exhaustion rules. "[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (internal quotation marks and citation omitted).

A fair indicator that the purpose of the grievance was fulfilled is the prison's response to the inmate's complaint. If the information in the grievance is too vague or imprecise, a response so indicating would tell the interested parties that more detail is necessary. However, when the prison officials address the merits of the prisoner's complaint without even mentioning a problem identifying the object of the grievance, the administrative system has worked and the prison officials have had the "opportunity to correct [their] own mistakes." *Woodford*, 548 U.S. at 89 (internal citation and quotation marks omitted).

Although the MDOC's policy requires a grievance to include specific names, those requirements are relaxed when the purpose of the grievance has been achieved. "This relaxed standard is consistent with the general practice of liberally construing *pro se* prisoners' filings." *Bell*, 450 F.3d at 654 (quoting *Spencer*, 449 F.3d at 725).

The Sixth Circuit has been quite explicit on this point. *See Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010). In *Reed-Bey*, the defendants challenged on exhaustion grounds the complaint of a prisoner who "pursued his grievance through all three levels of prison review, yet he failed to identify the 'names of all those involved' in the grievance, as the prison's grievance procedures require." *Id.* at 323. The court held that "[b]ecause the Michigan Department of Corrections opted to dismiss his grievance on the merits rather than invoke its procedural bar, Reed-Bey exhausted his claim. " *Ibid.* The court reasoned as follows:

> When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we. . . .
>
> Enforcing internal prison rules even when prison officials do not and even when they proceed to address a grievance on the merits takes *Woodford* one step too far. It would do more than ensure that prison officials get the first shot at correcting their own mistakes; it would give their merits-based grievance denials undeserved insulation from federal judicial review.

*Id.* at 325, 326.

And so it is here. As Magistrate Judge Randon noted, the "prison staff . . . accepted the Grievance for filing and resolved the Grievance on the merits." R&R at 9. STF did not reject Allen's grievance as procedurally defaulted under Policy Directive 03.02.130 for lack of specificity as to those involved. Instead, it responded on the merits at each stage of the grievance process. Under those circumstances, the procedural bar the defendant seeks to invoke in this Court is unavailable to it, and the magistrate judge's recommended dismissal on that basis is fatally flawed. The Court also finds that the complaint arguably states a claim that the defendant was deliberately indifferent to the plaintiff's serious medical needs. Moreover, the defendant's alternate ground for its motion is better addressed after discovery has been conducted, perhaps in the context of a

-9-

summary judgment motion. The plaintiff's objections, therefore, will be sustained, and the defendant's motion to dismiss will be denied.

III.

The plaintiff also filed two amended motions to compel discovery against defendant CMS after the magistrate judge issued his report recommending dismissal of Allen's complaint. Magistrate Judge Randon granted CMS's motion for a protective order and ordered discovery stayed pending decision on the dismissal motion. Allen also filed a motion requesting a settlement conference, in hopes of resolving his complaint against CMS. The magistrate judge denied that request until the dismissal motions was decided. Allen timely objected to both of these orders. The plaintiff also has filed several other discovery motions, consisting of a motion to dismiss the defendant's motion to compel discovery, a motion to extend time to complete discovery, a motion for sanctions, a motion to compel answers to interrogatories, and two amended motions to compel production of documents from the defendant. Those motions have not been adjudicated.

This Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333

U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N. Car.*, 470 U.S. 564, 573 (1985).

The magistrate judge's orders are not clearly erroneous. It was sensible to stay discovery and defer ruling on the plaintiff's discovery motions until the Court ruled on the magistrate judge's report recommending dismissal. For the same reason, deferring a settlement conference was a wise choice as well.

The Court will dismiss the plaintiff's multiple discovery motions without prejudice, since discovery has been stayed, and counsel will be appointed for the plaintiff. The Court believes that with an amended scheduling order to be entered by the magistrate judge, and professional assistance furnished to the plaintiff, the discovery disputes can be resolved, at least in part, without judicial intervention.

That leaves the plaintiff's motion for summary judgment. Since the matter will be referred back to the magistrate judge, he may address or defer ruling on that motion as he deems appropriate, perhaps even dismissing the motion and addressing it at the close of the new discovery period.

IV.

The Court finds that the plaintiff's complaint is not barred by the exhaustion defense. The magistrate judge's recommendation for dismissal on that ground, therefore, will be rejected. The magistrate judge's interim orders on the plaintiff's procedural and discovery motions are not clearly erroneous. The plaintiff's pending discovery motions will be dismissed. Counsel should be appointed for the plaintiff.

Accordingly, it is **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation [dkt #60] are **SUSTAINED IN PART**.

It is further **ORDERED** that the report and recommendation [dkt #57] is **REJECTED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt #22] is **DENIED**.

It is further **ORDERED** that the plaintiff's objections to the magistrate judge's orders granting a stay of discovery [dkt #74] and staying request for settlement conference [dkt #75] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motions to dismiss the defendant's motion to compel discovery [dkt #25], extend time to complete discovery [dkt #43], for sanctions [dkt #44], to compel answers to interrogatories [dkt #54], and to compel production of documents from the defendant [dkt #s 61, 67] are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Mark A. Randon under the previous reference order [dkt #3] to ready the matter for trial and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1), and with directions to appoint counsel for the plaintiff under the Court's *pro bono* counsel plan and enter an amended scheduling order.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 2, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 2, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO